IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COMBUSTION SCIENCE & ENGINEERING, INC., | * * | |
| PLAINTIFF, | * | |
| v. | * | Civil Action No. RDB-21-3312 |
| UNITED PARCEL SERVICE, INC., *et al.*, | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On August 20, 2021, Plaintiff Combustion Science & Engineering, Inc. ("Plaintiff") filed suit in the District Court of Maryland for Howard County against Defendants United Parcel Service, Inc. ("UPS") and TForce Freight, Inc. ("TForce Freight") (collectively, "Defendants"). (*See* Case No. D-101-CV-21-010365; Compl., ECF No. 1-4.) Plaintiff alleges that it employed the services of Defendants to ship equipment, and that Defendants negligently damaged that equipment in breach of their contractual obligations. (*Id.*) On December 29, 2021, TForce removed this case to this Court on the basis that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, is the sole and exclusive cause of action to address allegations of cargo damage to property transported in interstate commerce. (Notice of Removal, ECF No. 1.) On January 5, 2022, TForce moved to dismiss Plaintiff's Complaint. (ECF No. 5.)

Presently pending before this Court is Plaintiff's Motion for Remand and Request for Award of Costs and Attorneys' Fees and Request to Stay Motion to Dismiss Complaint.

(ECF No. 11.) TForce has consented to the remand of this case back to the District Court of Maryland for Howard County, but argues that an award of attorneys' fees and costs is inappropriate. (ECF No. 15.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Plaintiff's Motion (ECF No. 11) GRANTED. This case shall be remanded to the District Court of Maryland for Howard County, and Plaintiff shall be awarded attorneys' fees and costs. Defendant TForce's Motion to Dismiss (ECF No. 5) is MOOT.

## BACKGROUND

On August 20, 2021, Plaintiff Combustion Science & Engineering, Inc. filed suit in the District Court of Maryland for Howard County alleging that Defendants UPS and TForce negligently damaged equipment Plaintiff contracted with them to ship. (ECF No. 1-4.) On December 29, 2021, TForce filed a Notice of Removal with this Court alleging that it only received notice of Plaintiff's suit on November 29, 2021 and that removal was proper because federal law provides the sole and exclusive cause of action to address allegations of cargo damage to property transported in interstate commerce. (ECF No. 1 ¶¶ 8-10.) TForce also alleged Plaintiffs had tried to serve TForce through CSC-Lawyers Incorporating Service Company ("CSC") but that CSC "is not the agent for service of process for TForce Freight." (*Id.* ¶¶ 2, 3.) TForce subsequently moved to dismiss Plaintiff's Complaint. (ECF No. 5.)

On January 14, 2022, Plaintiff filed a Motion for Remand and Request for Award of Costs and Attorneys' Fees, and Request to Stay Motion to Dismiss Complaint. (ECF No. 11.) Plaintiff asserts that it served Defendant TForce by delivering a copy of the Complaint and Summons to CSC, the registered agent designated by TForce on record with the

Maryland State Department of Assessments and Taxation on August 25, 2021. (ECF No. 11-1 at 2.) Plaintiff also asserts that TForce waited over four months from the date on which it was properly served to remove this case to this Court. (*Id.*) On January 31, 2022, TForce filed a Response to Plaintiff's Motion consenting to remand and opposing an award of attorneys' fees and costs. (ECF No. 15.)

## ANALYSIS

As an initial matter and with the consent of the parties, the Motion to Remand (ECF No. 11) is GRANTED. This case will be remanded to the District Court of Maryland for Howard County. Accordingly, Defendant TForce's Motion to Dismiss (ECF No. 5) is MOOT.

This issue before this Court is whether Plaintiff is entitled to attorneys' fees and costs incurred as a result of the removal proceedings. 28 U.S.C. § 1446(b) requires that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1447(c) provides that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)" and notes that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

In this case, TForce concedes that CSC was in fact its registered agent for service of process and "that CSC received the summons and complaint in August 2021." (ECF No. 15

3

at 3.) TForce contends, however, that due to internal confusion,[1] it did not receive a copy of the Complaint until November 29, 2021. (*Id.*)  It is clear then that TForce did not comply with the requirements of 28 U.S.C. § 1446(b) when it filed an untimely Notice of Removal on December 29, 2021. Plaintiff filed its Motion to Remand (ECF No. 11) on January 14, 2022, well within the 30-day limit imposed by 28 U.S.C. § 1447(c).

Plaintiff argues that it is entitled to an award of attorneys' fees and costs because TForce's removal of this case was untimely and improper. TForce argues that it had an objectively reasonable basis for its untimely removal because of the internal confusion surrounding the identity of its agent for service of process. As Judge Hazel has noted,

> In developing an appropriate test for awarding fees in a removal case, the Supreme Court noted that such a test "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, (2005). The Court went on to hold that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. A showing of bad faith is not required

*Hyatt v. Johns*, No. GJH-16-2912, 2016 U.S. Dist. LEXIS 143087, at *6 (D. Md. Oct. 14, 2016). In this case, an award of attorneys' fees and costs is proper. In its Notice of Removal, TForce states twice definitively that "CSC is not the agent for service of process of TForce freight." (ECF No. 1 ¶¶ 2, 3.) Nevertheless, after conducting an internal investigation in response to Plaintiff's Motion to Remand, TForce discovered that CSC was in fact its agent

---

[1] TForce asserts that it was created in the aftermath of a Canadian company's acquisition of UPS Ground Freight, Inc. from United Parcel Service. (ECF No. 15 at 1-2.) TForce claims that confusion in the wake of the acquisition is the reason why CSC never sent it a copy of the Summons and Complaint. (*Id.*)

4

for service of process. This Court is left wondering why TForce did not conduct its internal investigation before making such representations, especially since TForce waited one month after receiving a copy of the Complaint by email to file its Notice of Removal. Therefore, this Court concludes that TForce lacked an objectively reasonable basis for seeking removal where it could have easily discovered that it had in fact been properly served four months before it filed its Notice of Removal. Accordingly, Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 11) is GRANTED.[2]

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 4th day of February, 2022, that Plaintiff's Motion for Remand (ECF No. 11) is GRANTED with the consent of TForce. This case is remanded to the District Court of Maryland for Howard County. Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 11) is also GRANTED. Defendant TForce's Motion to Dismiss (ECF No. 5) is MOOT. Within 30 days of the date of this Memorandum Order, Plaintiff shall file with this Court an affidavit and supporting exhibits setting forth the information required by the United States Court of Appeals for the Fourth Circuit for an award of fees. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). This submission shall also comply with the Local Rules of the United States District Court for the District of Maryland.

---

[2] Although this case is being remanded, this Court will retain jurisdiction over the collateral issue of fees pursuant to 28 U.S.C. § 1447(c). *Am. Capital Advance, LLC v. Gordon*, No. RWT 10cv 2113, 2010 U.S. Dist. LEXIS 127826, at *10 (D. Md. Dec. 2, 2010).

_____/s/_____
Richard D. Bennett
United States District Judge