IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COMBUSTION SCIENCE       *
& ENGINEERING, INC.,

     Plaintiff,           *

                                    Civil Action No. RDB-21-3312

     v.                *

UNITED PARCEL
SERVICE, INC. *et al*,       *

                     *

     Defendants.
\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM ORDER**

Plaintiff Combustion Science & Engineering initiated this breach of contract action against Defendants United Parcel Service, Inc. ("UPS") and TForce Freight, Inc. ("TForce") (collectively, "Defendants") on August 20, 2021, in the District Court of Maryland for Howard County. (*See* Case No. D-101-CV-21-010365; Compl., ECF No. 1-4.) Defendant TForce Freight removed the case to this Court on November 29, 2021, with the consent of co-Defendant UPS. (ECF Nos. 1, 7.) Upon Plaintiff's Motion, and Defendants' consent, this Court remanded the case back to state court. (ECF No. 19.) In that Memorandum Order, this Court concluded that Defendant TForce lacked an objectively reasonable basis for seeking removal, as it failed to investigate the identity of its agent for service of process prior to seeking removal. *Id.* Accordingly, this Court granted Plaintiff attorneys' fees pursuant to 28 U.S.C. § 1447(c), and the Plaintiff filed an affidavit and supportive exhibits with respect to these fees which was then supplemented. *Id.*; (ECF No. 30.)

Presently pending before the Court is Plaintiff's Motion for Attorneys' Fees and accompanying affidavit which outlines the associated fees.  (ECF No. 21.)  In addition, the Plaintiff has supplemented the initial request.  (ECF No. 30-1.)  The Court has reviewed the related filings (ECF Nos. 29, 30, 33) and finds that no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons that follow, Plaintiff's Motion for Attorneys' Fees as supplemented is GRANTED AS MODIFIED.

## STANDARD OF REVIEW

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The United States Court of Appeals for the Fourth Circuit has instructed district courts to be guided by twelve factors in determining what constitutes reasonable hours and rate:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 243-44 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978)).

The Local Rules of this Court also provide guidelines for determining attorneys' fees. *See* Loc. R. 105.6, Appendix B (D. Md. 2021).  Those guidelines include reasonable and acceptable hourly rate ranges based upon number of years admitted to the bar.  *Id.*  For

example, the hourly rate for a lawyer admitted to the bar for twenty (20) years or more amounts to $300-475.

## ANALYSIS

In determining the lodestar figure, the Court is satisfied that Plaintiff has sufficiently addressed the relevant factors enumerated by the United States Court of Appeals for the Fourth Circuit in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009), but finds that Plaintiff's submitted number of hours is not entirely reasonable, and the reward will be reduced accordingly.

Plaintiff has met the "burden of establishing the prevailing market rates" as those submitted are within the guidelines of the Local Rules. *Robinson*, 560 F.3d at 246; Loc. R. 105.6, Appendix B (D. Md. 2021). Mr. Hoff has been admitted to practice law in the State of Maryland for thirty-nine (39) years and his hourly rate is listed as $400 an hour. (ECF No. 21.) This rate is consistent with the Local Rules and is presumptively reasonable. Ms. Cohen has been admitted to practice law in the State of Maryland for thirty-five (35) years and her hourly rate is listed at $300 an hour. (ECF No. 21.) This rate is also consistent with the Local Rule and is presumptively reasonable.

Next, the Court will provide a brief application of the *Robinson* guidelines underpinning the reasonable hours analysis. Plaintiff's attorney notes that when the lawsuit was filed in state court and properly served on TForce's agent, he did not anticipate removal, nor did he anticipate "allegations as to its 'other' purported resident agent and Defendant's Carmack claims" which "required investigation, diligence, and analysis." (ECF No. 21 at 3.) Additionally relevant to the analysis, Plaintiff's attorney notes that he and his co-counsel "have

substantial litigation experience" exceeding thirty-five (35) years. *Id.* at 4. However, in analogizing attorneys' fees awards in similar cases, Defendant appropriately notes that Plaintiff's attorney cites to cases which were slightly more litigious and involved more voluminous dockets. Most importantly, in considering Plaintiff's attorneys' time and labor expended, the Court finds that the hours were reasonable to an extent, but that a reduction in the award is necessary for a wholly reasonable lodestar figure. More specifically, the Court finds that entries pertaining to reviews and revisions concerning the removal process should be reduced to more reasonable hours. The figure below illustrates the Court's findings:

| Event | Attorney | Rate | Hours Submitted | Hours Awarded | Amount Awarded |
|---|---|---|---|---|---|
| 12/20/2021: Telephone call with adversary; review and analysis; email | AJH | $400 | .40 | .40 | $160.00 |
| 12/29/2021: Review removal | AJH | $400 | 1.00 | .50 | $200.00 |
| 12/30/2021: Review and analysis re: removal; email client; email re: order | AJH | $400 | .30 | .30 | $120.00 |
| 01/06/2022: Review file; research Carmack citations and law re: removal | TC | $300 | 2.20 | 1.00 | $300.00 |
| 01/10/2022: Email | AJH | $400 | .20 | .20 | $80.00 |
| 01/13/2022: Review draft; revise Motion; meeting with others; email | AJH | $400 | 1.6 | .50 | $200.00 |
| 01/13/2022: Draft Motion to Remand | TC | $300 | 2.00 | 2.00 | $600.00 |
| 01/14/2022: Review and finalize Motion; email client | AJH | $400 | .60 | .60 | $240.00 |
| 01/14/2022: Revise and file Motion to Remand and Motion to Stay | TC | $300 | 1.80 | 1.00 | $300.00 |
| 01/28/2022: Review filing | TC | $300 | .20 | .20 | $60.00 |
| 02/01/2022: Draft argument in Motion | AJH | $400 | .50 | .50 | $200.00 |

| | | | | | |
|---|---|---|---|---|---|
| 02/01/2022: Draft reply to opposition to fees | TC | $300 | 1.60 | 1.60 | $480.00 |
| 02/02/2022: Revisions to Motion; meeting with Tammy to discuss and finalize for filing | AJH | $400 | 1.10 | .50 | $200.00 |
| 02/02/2022: Revise, finalize and file response to opposition to award of attorney fees | TC | $300 | .80 | .80 | $240.00 |
| 02/18/2022: Draft fee affidavit | TC | $300 | 2.00 | 1.00 | $300.00 |
| 02/24/2022: Edit affidavit | AJH | $400 | .80 | .50 | $200.00 |
| 03/13/2022: Review and analysis of Response | AJH | $400 | .40 | .40 | $160.00 |
| 03/15/2022: Review and analysis; case law; initial draft of Reply; conversations with others re: potential affidavit | AJH | $400 | 3.30 | 1.00 | $400.00 |
| 03/16/2022: Revisions and edits to pleading; emails; contents of Affidavits; billing info | AJH | $400 | 2.40 | 1.00 | $400.00 |
| 03/17/2022: Review, proof, comments and filing | TC | $300 | .50 | .50 | $150.00 |
| **TOTAL** | | | | **14.50** | **$4,990.00** |

In sum, the Court finds that Plaintiff's attorneys have properly demonstrated the reasonableness of the amount worked under the *Robinson* guidelines related to removal proceedings, and attorneys' fees are awarded as modified above. Plaintiff's attorneys will be award $4,990.00 to account for the removal proceedings.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorneys' Fees (ECF No. 21) is

GRANTED AS MODIFIED ABOVE. Plaintiff shall be awarded $4,990.00 in attorneys' fees.

Dated: September 7, 2022                          _____/s/_____

Richard D. Bennett
United States District Judge